OFFICIAL SEAL     Washtenaw Co., MI
02/07/05 Lawrence Kestenbaum
L-4456 P-356   Clerk Register

Page: 1 of 16
02/07/05 08:22 A

ACS-5622640-M-2005
Lawrence Kestenbaum, Washtenaw

L-4456 P-356

# MORTGAGE

1174401004P

Return To:
Sharyn Labby
Quicken Loans Inc.
20555 Victor Parkway
Livonia, MI 48152

Title Source, Inc.
1450 W Long Lake
Suite 400
Troy, MI 48098

1759702

B# 1771119

MIN 100039011744010042

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A) "Security Instrument"** means this document, which is dated January 21, 2005, together with all Riders to this document.

**(B) "Borrower"** is Arlene Clark, an unmarried woman

Borrower's address is 476 Douglas, Ypsilanti, MI 48197
. Borrower is the mortgagor under this Security Instrument.

MICHIGAN-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS       Form 3023 1/01

-6A(MI) (0005)     507069427
Page 1 of 15     Initials: _____
VMP MORTGAGE FORMS - (800)521-7291

q117440100402 33

(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the mortgagee under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888)679-MERS.
(D) "Lender" is Quicken Loans Inc.

Lender is a Corporation
organized and existing under the laws of the State of Michigan
Lender's address is 20555 Victor Parkway, Livonia, MI 48152

(E) "Note" means the promissory note signed by Borrower and dated January 21, 2005
The Note states that Borrower owes Lender One Hundred Sixty One Thousand Three Hundred Twenty Five and 00/100 Dollars
(U.S. $161,325.00 ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than February 1, 2035.
(F) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider    ☐ Condominium Rider          ☐ Second Home Rider
☐ Balloon Rider            ☐ Planned Unit Development Rider  ☐ 1-4 Family Rider
☐ VA Rider                 ☐ Biweekly Payment Rider     ☒ Other(s) [specify]
                                                          legal

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
(J) "**Community Association Dues, Fees, and Assessments**" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
(K) "**Electronic Funds Transfer**" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(L) "**Escrow Items**" means those items that are described in Section 3.
(M) "**Miscellaneous Proceeds**" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
(N) "**Mortgage Insurance**" means insurance protecting Lender against the nonpayment of, or default on, the Loan.
(O) "**Periodic Payment**" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

Initials: _____
-6A(MI) (0005)            Page 2 of 15                         Form 3023 1/01

ACS-5622640-M-2005
Lawrence Kestenbaum, Washtenaw

Page: 2 of 16
02/07/05 08:22 A
L-4456 P-356

09-07013-wsd    Doc 6    Filed 01/19/10    Entered 01/19/10 14:44:07    Page 2 of 8

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____

_____ 01/21/2005 (Seal)
Arlene Clark                        -Borrower

_____

_____ (Seal)
                                    -Borrower

_____ (Seal)         _____ (Seal)
                     -Borrower                           -Borrower

_____ (Seal)         _____ (Seal)
                     -Borrower                           -Borrower

_____ (Seal)         _____ (Seal)
                     -Borrower                           -Borrower

-6A(MI) (0005)        Page 14 of 15                         Form 3023 1/01

ACS-5622640-M-2005                                          Page: 14 of 16
Lawrence Kestenbaum, Washtenaw                              02/07/05 08:22 A

                                                            L-4456  P-356

STATE OF MICHIGAN, Wayne ~~Washtenaw~~ County ss:

The foregoing instrument was acknowledged before me this January 21, 2005,
by Arlene Clark, an unmarried woman

My Commission Expires:

March 27, 2008

_Cynthia K. Peterson_
Notary Public,                                                County, Michigan

This instrument was prepared by Natalie Garrison
Quicken Loans Inc.
20555 Victor Parkway
Livonia, MI 48152

CYNTHIA K. PETERSON
NOTARY PUBLIC – STATE OF MICHIGAN
COUNTY OF OAKLAND
My Commission Expires Mar. 27, 2008
Acting in the County of Wayne

-6A(MI) (0005)              Page 15 of 15       Initials: _____       Form 3023 1/01

Page: 15 of 16
02/07/05 08:22 A
ACS-5622640-M-2005
Lawrence Kestenbaum, Washtenaw
L-4456 P-356

## Exhibit A - LEGAL DESCRIPTION

Deal Number: 11-00680702-RK                    Title Number: 11-01743019 REV. NO.

Tax ID Number: **11-05-362-004**

Land situated in the **City** of **Ypsilanti**, in the County of **Washtenaw**, State of **Michigan** is described as follows:

Lot(s) 44 and the South 1/3 of Lot 43, NORMAL HEIGHTS SUBDIVISION, as recorded in Liber 3 on Page(s) 29 of Plats.

**Commonly known as:** 476 Douglas, Ypsilanti, MI 48197

Page: 16 of 16
02/07/05 08:22 A
ACS-5622640-M-2005
Lawrence Kestenbaum, Washtenaw
L-4456  P-356

09-07013-wsd    Doc 6    Filed 01/19/10    Entered 01/19/10 14:44:07    Page 5 of 8

OFFICIAL SEAL          Washtenaw Co., MI
02/07/05 Lawrence Kestenbaum
L-4456  P-357   Clerk Register

Page: 1 of 7
02/07/05 08:22 A
ACS-5622641-M-2005
Lawrence Kestenbaum, Washtenaw
L-4456  P-357

# MORTGAGE

## This is a Future Advance Mortgage

MIN 1000390119177735730        1191773573p

**WORDS USED OFTEN IN THIS DOCUMENT:**

(A) **Security Instrument.** This document, which is dated    January 21, 2005
will be called the "Security Instrument."

(B) **Borrower.** Arlene Clark, an unmarried woman

residing at 476 Douglas Street, Ypsilanti, MI  48197
sometimes will be called "Borrower" and sometimes simply "I" or "me".

(C) **Lender.** Quicken Loans Inc. will be called "Lender." Lender is a corporation that exists under the laws of The State of Michigan. Lender's address is 20555 Victor Parkway, Livonia, MI  48152 .

(D) **MERS.** "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the mortgagee under this Security Instrument.** MERS exists under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI  48501-2026, tel. (888) 679-MERS.

(E) **Note.** The Home Equity Line Agreement, Disclosure Statement and Note signed by Borrower and dated   January 21, 2005   will be called the "Note." The Note provides for loan advances to be made by the Lender to the Borrower from time to time and for a period not to exceed  10  years (the "Draw Period"), during which loan advances may be repaid and reborrowed. The maximum principal amount, excluding protective advances, secured by this Security Instrument will not exceed the sum of US $47,000.00 . The Note also provides that after the Draw Period terminates, the then outstanding balance must be repaid within   20   years.

(F) **Property.** The property that is described below in the section titled "Description of the Property," will be called the "Property."

(G) **Sums Secured.** The amounts described below in the section titled "Borrower's Transfer to Lender of Rights in the Property" sometimes will be called the "Sums Secured."

**BORROWER'S TRANSFER TO LENDER OF RIGHTS IN THE PROPERTY:**
I mortgage, warrant, grant and convey the Property, with power of sale, to MERS (solely as nominee for Lender and Lender's successors and assigns) and its successors and assigns subject to the terms of this Security Instrument. This means that, by signing this Security Instrument, I am giving the Lender those rights that are stated in this Security Instrument and also those rights that the law gives to lenders who hold mortgages on real property. I am giving Lender these rights to protect Lender from possible losses that might result if I fail to:

(A) Pay all the amounts that I owe Lender as stated in the Note;

(B) Pay, with interest, any amounts that Lender spends under Paragraph 6 of this Security Instrument to protect the value of the Property and Lender's rights in the Property; or

(C) Keep all of my other promises and agreements under this Security Instrument.

I understand and agree that MERS holds only legal title to the rights granted by me in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successor and assigns) has the right:

(A) *to exercise any or all of those rights, including, but not limited to, the right to foreclose and sell the Property; and*

HELOC MI Mortgage            Page 1 of 6                2004/03  hemi-1.pd
507076675    200403.00

The proceeds of the sale shall be applied in the following order: (A) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (B) to all Sums Secured by this Security Instrument; and (C) any excess to the person or persons legally entitled to it.

**19. LENDER'S OBLIGATION TO DISCHARGE THIS SECURITY INSTRUMENT:** Upon payment of all Sums Secured by this Security Instrument, Lender shall prepare and file a discharge of this Security Instrument. Lender may charge me a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable law.

---

### Request for Notice of Default and Foreclosure
### Under Superior Mortgages and Deeds of Trust

I and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Security Instrument to give notice to Lender, at Lender's address set forth on page one of this Security Deed, of any default under the superior encumbrance and of any sale or other foreclosure action.

BY SIGNING BELOW, I accept and agree to the promises and agreements contained in pages 1 through 6 of this Security Instrument and in any rider(s) signed by me and recorded with it.

_____ 01/21/2005 (Seal)
Borrower Arlene Clark                    Date

_____ _____ (Seal)
Borrower                                  Date

_____ _____ (Seal)
Borrower                                  Date

_____ _____ (Seal)
Borrower                                  Date

STATE OF MICHIGAN      )
                       ) ss:
COUNTY OF Wayne ~~Washtenaw~~ )

On January 21, 2005, before me, the undersigned, a notary public in and for said state, personally appeared Arlene Clark, an unmarried woman

personally known to me or proved to me on the basis of satisfactory evidence, to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual or the person upon behalf of which the individual(s) acted, executed the agreement.

My commission expires: March 27, 2008

_____
Notary Public    ~~Wayne~~ Washtenaw County, Michigan

CYNTHIA K. PETERSON
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF OAKLAND
My Commission Expires Mar. 27, 2008
Acting in the County of Wayne

This instrument was prepared by Natalie Garrison
~~and record and return to:~~
~~Sharyn Labby~~
Quicken Loans Inc.
20555 Victor Parkway
Livonia, MI 48152

Return to:
Title Source, Inc.
1450 W Long Lake
Suite 400
Troy, MI 48098

HELOC MI Mortgage          Page 6 of 6

## Exhibit A - LEGAL DESCRIPTION

Deal Number: 11-00680702-RK     Title Number: 11-01743019 REV. NO.

Tax ID Number: **11-05-362-004**

Land situated in the **City** of **Ypsilanti**, in the County of **Washtenaw**, State of **Michigan** is described as follows:

Lot(s) 44 and the South 1/3 of Lot 43, NORMAL HEIGHTS SUBDIVISION, as recorded in Liber 3 on Page(s) 29 of Plats.

**Commonly known as:** 476 Douglas, Ypsilanti, MI 48197

Page: 7 of 7
02/07/05 08:22 A
ACS-5622641-M-2005
Lawrence Kestenbaum, Washtenaw
L- 4456  P- 357

09-07013-wsd    Doc 6    Filed 01/19/10    Entered 01/19/10 14:44:07    Page 8 of 8